## LEWIS SHANNON, Defendant in Error, v. J. B. ZIMMERMAN, Plaintiff in Error.

**Kansas City Court of Appeals, April 1, 1912.**

1. **UNLAWFUL DETAINER: Notice: Summons: Appearance and Trial.** Notwithstanding no summons should be issued and served on defendant in unlawful detainer before a justice of the peace, yet if the defendant appeals to the circuit court and there enters upon a trial on the merits, the lack of a summons is waived.

2. ———: **Complaint: Jurisdiction.** A complaint in unlawful detainer examined and found sufficient to give the justice of the peace jurisdiction.

Error to Chariton Circuit Court.—*Hon. Fred Lamb,* Judge.

AFFIRMED.

*S. A. Davis* for plaintiff in error.

*J. A. Collet* for defendant in error.

ELLISON, J.—Plaintiff's action is unlawful detainer, begun before a justice of the peace. At a time appointed for trial both parties were before the justice. The record shows that, "parties being asked as to their readiness for trial, plaintiff answers ready. Defendant declines to answer to the complaint, whereupon court hears evidence," etc., and rendered judgment for the plaintiff.

Defendant appealed to the circuit court where he appeared generally in amending his affidavit for appeal from the justice. He afterwards filed a motion to dismiss, on the ground that the justice had no jurisdiction, nor had the circuit court, for the reason "that there was no complaint and affidavit filed with the jus-

tice.'' The motion was overruled. The parties then entered into a trial of the cause on the merits and judgment was rendered for plaintiff, and defendant brought the case to this court by writ of error.

Complaint is made by defendant that the justice did not issue a summons notifying defendant of the action. If true, the trouble was cured by his appeal and appearance and going to trial on the merits in the circuit court.

The ground of the motion for dismissal filed in the circuit court strikes at the jurisdcition of that court. The ground stated as showing want of jurisdiction is that the complaint filed with the justice does not state, in terms, that plaintiff was lawfully entitled to the possession of the land; or, that defendant unlawfully detained it from him. The complaint alleges that defendant willfully and without force holds over certain lands (describing it) after the time for which the premises had been let to him by plaintiff had terminated and that he still detains and withholds said premises from plaintiff. The complaint sufficiently follows the language of the statute (Sec. 7657, R. S. 1909). Defendant cites us to section 7660, but we see nothing in that making the present complaint insufficient.

It is manifest that the complaint was sufficient to give the justice jurisdiction. The judgment is affirmed. All concur.